Stephen M. Doniger, Esq. (SBN 179314)
Email: stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
Email: scott@donigerlawfirm.com
DONIGER/BURROUGHS, APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATRIX, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LOVE TREE FASHION, INC., a California Corporation; THE TJX COMPANIES, INC., a Delaware Corporation; IRON PUPPY, a business entity, form unknown; CORNERSTONE APPAREL, INC. dba PAPAYA CLOTHING, a California Corporation; A'GACI LLC, a Texas Limited Liability Company; and DOES 1-10.<br><br>Defendants. | Case No. CV13- 4565 ODW (JCGx)<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGMENT;<br><br>Jury Trial Demanded |

1
COMPLAINT

Matrix, Inc. ("Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Matrix, Inc. ("MATRIX") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 3270 East 26th Street, Vernon, California 90023.

5. Plaintiff is informed and believes and thereon alleges that Defendant LOVE TREE FASHION, INC. ("LOVETREE") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1015 S. Crocker St., #Q-04, Los Angeles, CA, 90021 and doing business in and with the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant THE TJX COMPANIES, INC. ("TJX") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 770 Cochituate Road, Framingham, MA, 01701 and doing business in and with the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant IRON PUPPY is a business entity, form unknown, operating a retail store in the State of California, with its principal place of business located at 1600 S. Azusa Ave. Suite

#518, City of Industry, CA, 91748 and doing business in and with the State of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant A'GACI LLC ("A'GACI") is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 12460 Network Blvd. #106, San Antonio, TX, 78249 and doing business in and with the State of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant CORNERSTONE APPAREL, INC. ("CORNERSTONE") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 5807 Smithway St., Commerce, CA, 90040 and doing business in and with the State of California.

10. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

11. Defendants DOES 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff,

which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

12. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

13. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design Plaintiff's Internal Design Number MX2053E ("Subject Design"). This artwork was a creation of Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff.

14. Plaintiff applied for and received a United States Copyright Registration for the Subject Design.

15. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

16. Following this distribution of product bearing the Subject Design, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Design, and were selling fabric and garments bearing illegal reproductions and derivations of the Subject Design.

17. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, LOVETREE, IRON PUPPY, A'GACI, and certain DOE

defendants created, sold, manufactured, caused to be manufactured, imported and/or otherwise distributed fabric and/or garments comprised of fabric featuring designs which are substantially similar to the Subject Design (hereinafter "Infringing Garment 1").

18. A comparison of the Subject Design (left) and Infringing Garment 1 (right) are set forth below; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the design are substantially similar. Said garments include but are not limited to the garments sold under LOVETREE and IRON PUPPY, SKU No. 100604228/Style No. 12182PC.

Subject Design | Infringing Garment 1



19. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, LOVETREE, TJX, and certain DOE defendants created, sold, manufactured, caused to be manufactured, imported and/or otherwise distributed fabric and/or garments comprised of fabric featuring designs which are substantially similar to the Subject Design (hereinafter "Infringing Garment 2").

20. A comparison of Subject Design (left) and Infringing Garment 2 (right) are set forth below; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the design are substantially similar. Said garments include but are not limited to the garments sold under TJX and LOVETREE, SKU or Style No. 15-9276-460282-001999-16-2.

Subject Design

Infringing Garment 2




21. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, CORNERSTONE and certain DOE defendants created, sold, manufactured, caused to be manufactured, imported and/or otherwise distributed fabric and/or garments comprised of fabric featuring designs which are substantially similar to the Subject Design (hereinafter "Infringing Garment 3").

22. A comparison of Subject Design (left) and Infringing Garment 3 (right) are set forth below; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the design are substantially similar. Said garments include but are not limited to the garments sold under CORNERSTONE, Item No. 1119913798012.

Subject Design | Infringing Garment 3



## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

23. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 22, inclusive, of this Complaint.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

25. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print designs that were substantially similar to the Subject Design, or were an illegal modification thereof.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making, selling and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling the allegedly infringing product through a nationwide network of retail stores, catalogues, and through on-line websites.

27. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

28. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

29. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Design in an amount to be established at trial.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for

statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)

31. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 28, inclusive, of this Complaint.

32. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

34. By reason of the Defendants', and each of their, acts of copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

35. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

///

9
COMPLAINT

statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)

31. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 28, inclusive, of this Complaint.

32. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

34. By reason of the Defendants', and each of their, acts of copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

35. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

///

9
COMPLAINT

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### *Against All Defendants*

1. <u>With Respect to Each Claim for Relief</u>
   a. That Defendants, their agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Design;
   b. That Plaintiff be awarded actual and compensatory damages;
   c. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;
   d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;
   e. That Plaintiff be awarded pre-judgment interest as allowed by law;
   f. That Plaintiff be awarded the costs of this action; and
   g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: June 17, 2013

**DONIGER/BURROUGHS, APC**

By: _____
Stephen Doniger, Esq.
Attorneys for Plaintiff
MATRIX, INC.

Stephen M. Doniger, Esq. (SBN 179314)
Scott A. Burroughs, Esq. (SBN 235718)
DONIGER/BURROUGHS, APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATRIX, INC., a California Corporation, <br><br> PLAINTIFF(S) <br> v. <br><br> LOVE TREE FASHION, INC., a California Corporation; et al. <br> [See Attached "Schedule A"] <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV13- 4565** ODW (JCGx) <br><br><br> **SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Stephen M. Doniger, Esq._____, whose address is _DONIGER / BURROUGHS APC 300 Corporate Pointe, Ste. 355 Culver City, CA 90230_.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JUN 2 4 2013

Dated: _____

Clerk, U.S. District Court

By: _____
JULIE PRADO
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                                    **SUMMONS**

# **SCHEDULE A**

MATRIX, INC., a California Corporation,

Plaintiff,

vs.

LOVE TREE FASHION, INC., a California Corporation; THE TJX COMPANIES, INC., a Delaware Corporation; IRON PUPPY, a business entity, form unknown; CORNERSTONE APPAREL, INC. dba PAPAYA CLOTHING, a California Corporation; A'GACI LLC, a Texas Limited Liability Company; and DOES 1-10.

Defendants.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

MATRIX, INC., a California Corporation

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

LOVE TREE FASHION, INC., a California Corporation; THE TJX COMPANIES, INC., a Delaware Corporation; IRON PUPPY, a business entity, form unknown; CORNERSTONE APPAREL, INC. dba PAPAYA CLOTHING, a California Corporation; A'GACI LLC, a California Company; and DOES 1-10.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Stephen M. Doniger (SBN 179314)   300 Corporate Pointe, Suite 355
Scott A. Burroughs (SBN 235718)   Culver City, California 90230
DONIGER/BURROUGHS, APC           Tel: (310) 590-1820
                                 Fax: (310) 417-3538

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright Act of 1976, Title 17 U.S.C., § 101 et seq. - Action for misappropriation of Plaintiff's two-dimensional artwork used in the textile industry.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☒ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY: Case Number:** CV13- 4565

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO  ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO  ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| MATRIX, INC. - Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOVE TREE FASHION, INC. - Los Angeles County   A'GACI, LLC - Los Angeles County<br>IRON PUPPY - Los Angeles County<br>CORNERSTONE APPAREL, INC. d/b/a PAPAYA - Los Angeles County | THE TJX COMPANIES, INC. - Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: 6/21/2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

### CV13- 4565 ODW (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY