Breton A. Bocchieri, Esq. (SBN 119459)
breton.bocchieri@novakdruce.com
Victor K. Sapphire, Esq. (SBN 218634)
victor.sapphire@novakdruce.com
**NOVAK DRUCE CONNOLLY BOVE
 + QUIGG LLP**
333 S. Grand Avenue, Twenty-Third Floor
Los Angeles, California 90081
Telephone:  (213) 787-2500
Facsimile:   (213) 687-0498

Attorneys for Defendants LOVE TREE
FASHION, INC.; SM INTERNATIONAL, INC. dba
IRON PUPPY; and CORNERSTONE APPAREL, INC.
dba PAPAYA CLOTHING

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATRIX, INC., a California corporation, | Case No.:  CV13-4565 ODW (JCGx) |
| Plaintiff, | Honorable Otis D. Wright, II |
| vs. | **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| LOVE TREE FASHION, INC., a California Corporation; THE TJX COMPANIES, INC., a Delaware Corporation; IRON PUPPY, a business entity, form unknown; CORNERSTONE APPAREL, INC. dba PAPAYA CLOTHING, a California Corporation; A'GACI LLC, a Texas Limited Liability Company; and DOES 1 through 10, | Hearing Date:  September 9, 2013<br>Time:           1:30 p.m.<br>Courtroom:    11 |
| Defendants. | |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 9, 2013 at 1:30 p.m. in the Courtroom of the Honorable Otis D. Wright, II of the above-referenced Court, located at 312 N Spring Street, Los Angeles, California, Defendants LOVE TREE FASHION, INC.; SM INTERNATIONAL, INC. dba IRON PUPPY; and CORNERSTONE APPAREL, INC. dba PAPAYA CLOTHING; (collectively,

"Defendants") will move to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that it fail to state a claim for relief.

This Motion will be based on this Notice, the attached Memorandum of Points and Authorities, the files and records in this action, and such argument as may be heard.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on July 24, 2013.

Dated: August 5, 2013        NOVAK DRUCE CONNOLLY BOVE
                                           + QUIGG

                                        By: s/ *Breton A. Bocchieri*
                                             BRETON A. BOCCHIERI
                                             Attorneys for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants move to dismiss the Complaint[1] as legally deficient. The Complaint fails to allege the bare minimum facts to support the claims alleged therein and must therefore be dismissed.

## II. STATEMENT OF FACTS

On June 24, 2013, Plaintiff filed the Complaint in this action alleging copyright infringement. Complaint Paragraph 14 alleges Plaintiff "applied for and received" a federal copyright registration. The Complaint does not identify the copyright by title, copyright owner, registration number or otherwise.

The allegations setting forth the Defendants' allegedly infringing acts are in Complaint Paragraphs 15-17, which abstractly aver on information and belief that unspecified defendants "created, sold, manufactured, caused to be manufactured, imported, and/or otherwise distributed" fabric "and/or" garments featuring designs similar to those in the design at issue in the Complaint. No dates or other specificity are provided in setting out the infringing acts.

## III. THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF

The Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for two reasons. First, it fails to identify the copyright at issue. Second, it does not satisfy a further essential pleading requirement for copyright infringement: allegations of what each Defendant did and when.

Neither pleading failure is a formality to be overlooked. Each deprives Defendants of fair notice of the claims asserted, and substantially hinders their ability to prepare a defense. The absence of allegations identifying the copyright at issue

---

[1] The Complaint was originally filed on behalf of "Matrix, Inc.", a suspended corporation. After that fact was pointed out to Plaintiff's counsel, Plaintiff filed a Notice of Errata on July 11, 2013 (Doc. No. 8) alleging a new name, "Matrix International Textile, Inc.", which is in fact an entirely different California corporation whose address and agent for service of process differ from the original Plaintiff entity. Declaration of Kyle T. Oh, ¶ 3.

strips Defendants of any ability to deal with the infringement claims, and the lack of allegations stating when and how each Defendant "infringed" permits Plaintiff to pursue profuse and inchoate claims that might otherwise be dismissed as time-barred, or for other reasons had Plaintiff complied with governing pleading requirements.

### A.  Requirements for a Well-Pleaded Copyright Infringement Claim.

It is established that a Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the Complaint.  Rule 12(b)(6) must be read in conjunction with Rule 8(a) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Warren v. Fox Family Worldwide, Inc.*, 171 F.Supp.2d 1057, 1061 (C.D.Cal. 2001), *quoting* 5A C. Wright & A. Miler, FEDERAL PRACTICE AND PROCEDURE, Section 1356 (1990).

Under Rules 12(b)(6) and 8(a)(2) dismissal is proper for "an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 719, 732 (9th Cir. 2001); *Warren, supra*, 171 F.Supp.2d at 1061.  To plead "sufficient facts to support a cognizable" copyright infringement theory, a complaint must contain allegations identifying:

- i.  Which specific works are the subject of the claim,
- ii.  Plaintiff's ownership,
- iii.  Registration of the copyright, and
- iv.  By what acts during what time Defendant(s) infringed the copyright.

W. Schwarzer, A. Tashima & J. Wagstaffe, CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL, Section 8:65.5, p. 8-33 (2002), *citing Franklin Electronic Publishers v. Unisonic Prod. Corp.*, 763 F.Supp. 1, 4 (S.D.N.Y. 1991); *see also Twentieth Century Fox Film v. Marvel Enterprises*, 155 F.Supp.2d 1, 23 (S.D.N.Y. 2001), *aff'd in part, remanded in part*, 277 F.3d 253 (2d Cir. 2002).

These requirements for pleading copyright infringement carry out the dual policy objectives of Rule 8(a)(2): "to give fair notice of the claim being asserted so as

to permit the adverse party the opportunity to file a responsive answer and prepare an adequate defense. Beyond this, the rule serves to sharpen the issues to be litigated and confine discovery within reasonable grounds." *In re 'Santa Barbara Like It Is Today' Copyright Infringement Litigation*, 94 F.R.D. 105, 107-08 (D.Nev. 1982).

### B. The Claims for Infringement of an Unidentified Copyright Fails to Allege 'Which Specific Work(s) Is the Subject of the Claim'.

The allegations that defendant infringed a "Subject Design" of Plaintiff's fails to comport with the requirement to plead "which specific works are the subject of the claim." Rule 8 requires at a minimum that Plaintiff identifies the copyrighted work at issue. *Gee v. CBS, Inc.*, 471 F.Supp. 600, 644 (E.D.Pa. 1979), *aff'd*, 612 F.2d 572 (3d Cir. 1979). Plaintiff's pleading "is not 'notice pleading' when compared with examples of actual complaints in copyright actions." *Id.* at 645 n. 24.

The absence of identification of the alleged copyright flies in the face of the policies as well as the letter of Rule 8(a)(2). Defendants cannot defend against claims for infringement of a copyright that is not specified, and hence Plaintiff's abstract allegation deprives Defendants of an "opportunity to file a responsive answer and prepare an adequate defense." *In re 'Santa Barbara Like It Is Today' Copyright Infringement Litigation, supra*, 94 F.R.D. at 108. A pleading must "confine discovery within reasonable grounds," at a minimum by identifying the copyright at issue. *Id.* In short, "it would be a travesty of justice to require the Defendants to answer this complaint and be subject to discovery" concerning Plaintiff's unspecified copyright of unverifiable and thus highly dubious validity. *Id.* Plaintiff's claim for infringement does not state a legally cognizable claim.

Moreover, "[t]o be entitled to sue for copyright infringement, the plaintiff must be the legal or beneficial owner of an exclusive right under a copyright." *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884 (9th Cir. 2005) (en banc) (quoting 17 U.S.C. § 501(b)). Here, Plaintiff alleged that it owns the Subject Design (¶13), and "Plaintiff applied for and received a United States Copyright Registration for the

Subject Design" (¶14). However, Plaintiff has *failed to plead that it is the current owner of the registered copyright.* The Complaint should be dismissed.

Additionally, according to Fed.R.Civ.P. 84, "[t]he forms in the Appendix […] illustrate the simplicity and brevity that these rules contemplate." Form 19 suggests that, in pleading copyright infringement, Plaintiff should *at least* plead the date when it received the certificate of registration, and identify the certificate by its date, class and [registration] number. (See Form 19, ¶4). The Complaint is devoid of any of these identifications and date.

Moreover, "[t]o establish a successful copyright infringement claim, a plaintiff must show that […] defendant copied **protected elements of the copyrighted work**." *Smith v. Jackson*, 84 F. 3d 1213, 1218 (9th Cir. 1996). (*Emphasis added*). By not identifying its registered copyright and instead, providing only the internal "Subject Design" reference and image, Plaintiff has failed to plead a copyright infringement cause of action. See *Data East USA, Inc. v. Epyx, Inc*., 862 F.2d 204, 208 (9th Cir.1988) (substantial similarity of unprotected expression does not support finding of infringement). There is no evidence that the work and/or the elements comprising Plaintiff's Subject Design are registered beyond its self-serving and vague allegations, and even assuming so, it is insufficiently clear whether Plaintiff is even the owner of the alleged copyright registration identified on the certificate.[2] Plaintiff has thus failed to plead a proper complaint for copyright infringement.

---

[2] In response to several requests by Defendants' counsel prior to the filing of this Motion, Plaintiff's counsel has refused to produce a copy of the registration certificate. Declaration of Kyle T. Oh., ¶ 4. Before subjecting the Defendants to the substantial financial burden of defending this suit, including seeking discovery against a recalcitrant Plaintiff, Defendants respectfully request consideration of the fact that if a registration certificate even exists, Plaintiff's refusal to produce a copy indicates it may contain defects that would provide grounds for dismissal and/or invalidate Plaintiff's claims, such that denial of the instant Motion may result in a substantial waste of the Court's and Defendants' resources. Moreover, the information provided to date leaves Defendants with no way to test Plaintiff's standing, an essential element of their complaint.

## C. The Complaint Does Not Allege 'By What Acts During What Time Defendants Infringed the Copyright'.

The Complaint's boilerplate recitations of infringement do not allege "by what acts during what time Defendants infringed the copyright," thus violating pleading requirement (d):

> Rule 8(a)(2) has been construed to require a plaintiff to plead with specificity the acts by which a defendant has committed copyright infringement. A "properly plead [sic] copyright infringement claim must allege . . . *by what acts during what time* the defendant infringed the copyright" . . . and must set out the "particular infringing acts . . . with some specificity. Broad, sweeping allegations of infringement do not comply with Rule 8."

*Marvullo v. Gruner & Jahr*, 105 F.Supp.2d 225, 230 (S.D.N.Y. 2000) (emphasis added), *citing Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 36 (S.D.N.Y. 1992); *see also Hartman v. Hallmark Cards, Inc.*, 639 F.Supp.816, 820 (W.D.Mo. 1986) ("broad, sweeping allegation of infringement does not comply with Rule 8's requirement that specific mention of the acts which infringe are necessary in order to assert a cause of action and are required so that the defendant can adequately respond").

The Complaint's failure to conform with each of the above requirement is not seriously debatable. The pleading contains no specificity as to either the time or nature of each of the Defendants' acts. Those defects are exacerbated by the alternative nature of Plaintiff's "and/or" allegations, which provide Defendants with no understanding enabling them to respond fairly to the claims.

In its lack of proper "infringement" allegations the Complaint is akin to the disapproved pleading in *Marvullo, supra,* 105 F.Supp.2d at 230. There, the complaint alleged generally that a copyrighted photograph was licensed and then published beyond the scope of the license, allegations "too broad and sweeping to satisfy Rule 8." *See also In re 'Santa Barbara Like It Is Today' Copyright*

*Infringement Litigation, supra*, 94 F.R.D. at 108 (copyright claim contained "no specific allegations or any factual basis given as to any specific instances of infringement").

Since the Complaint is deficient in failing to properly allege pleading requirement (d), it should be dismissed.

## IV. CONCLUSION

In view of the foregoing reasons and authorities, Defendants respectfully request that its motion be granted and that Plaintiff's complaint be dismissed.

Dated: August 5, 2013                Respectfully Submitted:

NOVAK DRUCE CONNOLLY BOVE
 + QUIGG

By:  s/ *Breton A. Bocchieri*
     BRETON A. BOCCHIERI
     Attorneys for Defendants