**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATRIX, INC., a California Corporation, | Case No. 2:13-cv-04565-ODW (JCGx) |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS [25]** |
| v. | |
| LOVE TREE FASHION, INC. a California Corporation; THE TJX COMPANIES, INC., a Delaware Corporation; IRON PUPPY, a business entity, form unknown; CORNERSTONE APPAREL, INC. dba PAPAYA CLOTHING, a California Corporation; A'GACI LLC, a Texas Limited Liability Company; and DOES 1–10, | |
| Defendants. | |

## I.   INTRODUCTION

On August 5, 2013,  Defendants Love Tree Fashion, Inc., The TJX Companies Inc., SM International Inc., Cornerstone Apparel, Inc., and A'Gaci LLC moved to dismiss Plaintiff Matrix Inc.'s Complaint under Federal Rule of Civil Procedure 12(b)(6) for not including the copyright registration number and specific dates for the allegedly infringing actions referenced in the Complaint.  (ECF No. 25.)   For the reasons discussed below, the Court **DENIES** Defendants' Motion.[1]

---

[1] After carefully considering the papers filed with respect to this Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II.   FACTUAL BACKGROUND

Plaintiff Matrix, Inc. composed an original two-dimensional artwork for textile printing, which is identified as internal design number MX2053E ("Subject Design"). (Compl. ¶ 13.)    Matrix applied for and received a United States Copyright Registration for the Subject Design.   (*Id*. ¶ 14.)   At all relevant times, Matrix exclusively owned the Subject Design.   (*Id*. ¶ 13.)   Matrix sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries. (*Id*. ¶ 15.)  But Matrix's later investigation revealed that some entities were allegedly selling fabric and garments with illegal reproductions and derivations of the Subject Design.  (*Id*. ¶ 16.)

Matrix alleges that Defendants had access to the Subject Design and infringed their copyright by creating, selling, manufacturing, causing to be manufactured, importing, and otherwise distributing fabric and garments (the "Infringing Garments") comprising fabric featuring designs substantially similar to the Subject Design.  (*Id*. ¶¶ 17–22, 24.)   Defendants allegedly produced and then distributed and sold the Infringing Garments through a nationwide network of retail stores, catalogues, and on-line websites.  (*Id*. ¶ 26.)

## III.   LEGAL STANDARD

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement—to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed. R. Civ. P. 8(a)(2).  For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which

the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Iqbal*'s plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," but does not go so far as to impose a "probability requirement." *Id.* Rule 8 demands more than a complaint that is merely consistent with a defendant's liability—labels and conclusions, or formulaic recitals of the elements of a cause of action do not suffice. *Id.* Instead, the complaint must allege sufficient underlying facts to provide fair notice and enable the defendant to defend itself effectively. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When considering a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Conclusory allegations, unwarranted deductions of fact, and unreasonable inferences need not be blindly accepted as true by the court. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Yet, a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts" supporting plaintiff's claim for relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

## IV.   DISCUSSION

In its Complaint, Matrix states two causes of action: one for direct copyright infringement and one for vicarious or contributory copyright infringement. Defendants' Motion to Dismiss rests on the grounds that the Complaint fails to satisfy essential pleading requirements by not identifying the copyright by its registration

/ / /

1    number and not alleging what infringement each Defendant allegedly did and when
2    they supposedly did it.

3    For Matrix to present a prima facie case of copyright infringement, "(1) they
4    must show ownership of the allegedly infringed material and (2) they must
5    demonstrate that the alleged infringers violated at least one exclusive right granted to
6    copyright holders under 17 U.S.C. § 106." *A&M Records, Inc. v. Napster, Inc.*, 239
7    F.3d 1004, 1013 (9th Cir. 2001); *see also* 17 U.S.C. § 501(a) (stating that
8    infringement occurs when an alleged infringer engages in activity listed in § 106).

9    Matrix's Complaint satisfies this two-prong pleading requirement. Matrix's
10   Complaint alleges that they have exclusively owned a valid copyright in the Subject
11   Design at all relevant times. Matrix also alleges that Defendants infringed Matrix's
12   copyright by selling fabric and garments bearing illegal reproductions and derivations
13   of the Subject Design, thus allegedly violating the exclusive reproduction right and the
14   right to make derivative works under 17 U.S.C. § 106. Since Matrix properly alleges
15   both copyright ownership and alleged infringement by Defendants, Matrix has alleged
16   sufficient facts for a prima facie case of copyright infringement.

17   Matrix's Complaint also satisfies the pleading requirement for contributory
18   infringement. To state a claim of contributory infringement, Matrix must allege facts
19   showing that Defendants induced, caused, or materially contributed to the infringing
20   conduct. *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 796 (9th Cir. 2007).
21   As such, the Complaint sufficiently alleges that Defendants contributed to copyright
22   infringement by knowingly inducing, participating in, aiding and abetting, and
23   profiting from the illegal reproductions and subsequent sales of garments featuring
24   Matrix's design.

25   Defendants assert that Matrix must include the copyright registration number to
26   institute a copyright-infringement claim. Looking to the Copyright Act as a whole,
27   copyright registration is addressed in only five sections: sections 408 through 412.
28   *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 617 (9th Cir. 2010).

Section 411 provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a). The Ninth Circuit has held that "a complete *application* satisfies the registration requirement of [section] 411(a)," *Id.* at 621 (emphasis added).  And the Ninth Circuit allows infringement actions to proceed so long as an application for registration has been filed prior to filing suit.  *See id*.  Further, the Copyright Office will not issue a registration number for a completed application until after it examines the application. *See id.* at 617.  Failing to include the registration number in the complaint therefore cannot logically bar a copyright-infringement suit that can be brought before a registration number is ever assigned.

The Court thus finds that Matrix satisfied its pleading obligations and accordingly **DENIES** Defendants' Motion.

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' Motion to Dismiss.  (ECF No. 25.)


**IT IS SO ORDERED.**


September 4, 2013


_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**