**O**
**JS-5**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATRIX, INC., <br><br> Plaintiff, <br> v. <br><br> LOVE TREE FASHION, INC.; THE TJX COMPANIES, INC.; IRON PUPPY; CORNERSTONE APPAREL, INC.; A'GACI, LLC; DOES 1–10, <br><br> Defendants. | Case No. 2:13-cv-04565-ODW(JCGx) <br><br> **ORDER GRANTING EX PARTE APPLICATION FOR RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60 [39]** |

*"To err is human, but to really foul things up you need a computer."*

—Paul R. Ehrlich

On July 30, 2013, the Court set a scheduling conference in this case for October 7, 2013, at 1:30 p.m. (ECF No. 24.) On October 7, 2013, at 1:30 p.m., the Court called the scheduling conference—yet no attorney made an appearance in this case. The Court consequently dismissed this case without prejudice. (ECF No. 37.)

On October 9, 2013, the Plaintiff Matrix, Inc. filed an Ex Parte Application seeking relief under Federal Rule of Civil Procedure 60. (ECF No. 39.) Matrix alleges that it received email notifications for docket entries 23 and 25 but not for entry 24, which was the Order setting the scheduling conference. (Ex Parte Appl. 5.) Matrix argues that since it never received a notification of docket entry 24, it satisfies the "mistake, inadvertence, surprise, or excusable neglect" standard for Rule 60(b)(1).

To be sure, the parties were on notice that something was awry on the docket. Matrix admits that it received docket entries 23 and 25, so it should have investigated missing entry 24. This is, after all, Matrix's case to prosecute. The parties also should have questioned why the Court purportedly never set a scheduling conference. Further, Rule 26(f) requires that parties to "confer as soon as possible." They very well could have prepared their joint report notwithstanding the Court's electronically induced silence.

But the Court has reviewed the docketing of entry 24 and concluded that, while the Clerk of Court received the Order, the Order was never disseminated via CM/ECF. There was no way the parties could control receiving the Order if it was never sent to them. The Court finds that Matrix has satisfied Rule 60(b)(1)'s relief standard. The Court therefore **GRANTS** Matrix's Ex Parte Application. (ECF No. 39.) The Clerk of Court shall reopen this case.

The Court also **SETS** a scheduling conference for **Monday, October 28, 2013**, at 1:30 p.m. The parties shall submit their joint 26(f) report no later than Monday, October 21, 2013. The Court will reissue the Order docked at entry 24 with the updated scheduling-conference date.

**IT IS SO ORDERED.**

October 10, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**